UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br><p align=right>Plaintiff,</p><br>v.<br><br>KEVIN ALAN HATCH,<br><br><p align=right>Defendant.</p> | Case No.: 22cr406-CAB<br><br>ORDER DENYING MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)<br><br>[Doc. No. 65] |
| --- | --- |

Before the Court is defendant Kevin Alan Hatch's motion to modify his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 65.]  Specifically, Defendant requests that this Court reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A), and order his immediate release in order to live with and care for his grandmother. The government filed an opposition to the motion. [Doc. No. 71.] Defendant filed a reply. [Doc. No. 72.] The Court finds the motion suitable for determination on the papers.  For the reasons set forth below, the motion is **DENIED**.

**I.  Case Background.**

On March 16, 2022, Defendant pleaded guilty to one count of violating 8 U.S.C. § 1324(a)(2)(B)(iii). [Doc. No. 29.] This Court sentenced him to 13 months and 1 day of imprisonment. [Doc. No. 64.] Defendant has served approximately 10 months of that sentence. As of November 23, 2022, he was at San Luis Regional Detention Center, awaiting transfer to the custody of the Federal Bureau of Prisons in the Western Region, and is scheduled to be released on February 13, 2023.

## II.  Legal Standard.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in extraordinary circumstances, grant a motion to reduce a defendant's sentence. This motion may be brought by the BOP Director or by a defendant directly. Before a defendant may file a motion for sentence reduction, however, he must first request that the BOP file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

If that exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a)" if the Court finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

In the most recent Guidelines Manual, the Sentencing Commission issued a policy statement for reductions of sentences under § 3582(c)(1)(A). It provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. The policy statement includes an application note defining the criteria that qualify as "extraordinary and compelling." Relevant here, certain family circumstances may be extraordinary and compelling, including:

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

22cr406-CAB

(ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. § 1B1.13, cmt. n.1(C).

In addition, in a broad "catch-all" provision, the application note recognizes the possibility that the BOP Director could identify an extraordinary and compelling reason "other than, or in combination with, the reasons described" above. U.S.S.G. § 1B1.13, cmt. n.1(D).

**III. Discussion.**

A. Exhaustion.

Here, Defendant claims he cannot pursue administrative remedies because they are unavailable to him as he is in San Luis Regional Detention Center awaiting transfer to the custody of the Federal Bureau of Prisons.  While Defendant's only evidence of this attempt to pursue administrative remedies is his own declaration, given Defendant's temporary placement, the Court will waive the exhaustion requirement and reach the merits of his motion.

B. Compassionate Release Considerations.

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement. *See* USSG § 1B1.13.  Compassionate release based on family circumstances may be warranted upon "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," as well as "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C).  Here, Defendant meets neither criteria, as the person allegedly needing care is not the Defendant's minor child or spouse. *See United States v. Wooten*, No. 21-50126, 2021 WL 6116632 at *1 (9th Cir. December 27, 2021) (affirming denial of compassionate release where district court looked to § 1B1.13 as "persuasive guidance" to conclude that defendant's "mother's terminal stageIV liver cancer" was not an "extraordinary and compelling" circumstance); *United States v. Moalin*,

22cr406-CAB

No. 10CR4246 JM, 2021 WL 3419417, at *7 (S.D. Cal. Aug. 4, 2021) ("the desire among prison inmates to care for an elderly or sick parent does not, by implication, make this reason either extraordinary or compelling").

In addition, Defendant has not established that his grandmother is incapacitated and that he is the only available caregiver for her. *See United States v. Bragg*, No. 12CR3617-CAB, 2021 WL 662269, at *2 (S.D. Cal. Feb. 19, 2021) ("To establish the extraordinary and compelling requirement for a sentence modification, the defendant must make 'a robust evidentiary showing that defendant is the only available caregiver.'")

Finally, while Defendant was sentenced before the death of his father, Defendant's grandmother's circumstances were a factor already considered by the Court when it imposed a below-Guideline sentence of 13 months and 1 day. [Doc. No. 63; Doc. No. 34 ("PSR") ¶ 85.)

### IV. Conclusion

The Court finds that the Defendant has not established that his circumstances meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly, the defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 13, 2022

_____

Hon. Cathy Ann Bencivengo
United States District Judge